IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOT DONALD PETRIE,<br><br>Defendant. | CR 19–33–BLG–DLC<br><br><br>ORDER |

Before the Court is Defendant Scot Donald Petrie's Unopposed Motion for Early Termination of Supervision. (Doc. 52.) The United States does not oppose. (*Id.* at 1.) Likewise, United States Probation Officer Kyle McCall does not object to Defendant's early termination of supervision. (*Id.*) For the reasons below, the Court grants the motion.

### Background

On October 31, 2019, Defendant was sentenced for transportation of a person with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2421(a). (Doc. 44.) The Court sentenced Defendant to 24 months of imprisonment, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervision on August 13, 2021. (Doc. 53 at 1.) Defendant has not violated his term of supervision. (*Id.*)

1

**Discussion**

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because he has been successful over the course of his 30 months of supervision. (Doc. 53 at 3.) Defendant works at Carverss Brazilian Steakhouse and, according to his direct supervisor, executes exemplary work ethic and is appreciated by the company. (*Id.*) Defendant has been a resident at Sucasa Property Management and pays his rent on time. (*Id.*)

In weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 52) is GRANTED. Scot Donald Petrie's term of supervised release is TERMINATED as of the date of this Order.

DATED this 30th day of July, 2024.

Dana L. Christensen, District Judge
United States District Court